**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| JEFFREY WONSER, | : | |
| | : | |
|     Plaintiff, | : | Case No. 2:24-CV-02160 |
| | : | |
| v. | : | Judge Sarah D. Morrison |
| | : | |
| CHARLES L. NORMAN, et al., | : | Magistrate Judge |
| | : | Elizabeth A. Preston Deavers |
|     Defendants. | : | |

### DEFENDANT CHARLES L. NORMAN'S RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSION

1.     Admit that the file Alex Armitage sent to Brian D. Bardwell on September 27, 2022, named "Issued Personalized-Initial Reserve Special Plates 2018-2022.xlsx," is an authentic partial list of license plate combinations that the BMV has approved.

RESPONSE:  **Defendants can neither admit nor deny. After a search of their records, Defendants are unable to locate the correspondence Plaintiff refers to.**

2.     Admit that the file Alex Armitage sent to Brian D. Bardwell on September 27, 2022, named "Denied Plates 9.14.21 to 9.14.22.xlsx," is an authentic partial list of license plate combinations that the BMV has rejected.

RESPONSE:  **Defendants can neither admit nor deny. After a search of their records, Defendants are unable to locate the correspondence Plaintiff refers to.**

3.     Admit that pages 2–2003 of the file Alex Armitage sent to Brian D. Bardwell on September 16, 2022, named "Item 5 and 6_Redacted.pdf," are authentic copies of e-mails documenting deliberations over and decisions regarding applications for Vanity License Plates.

RESPONSE:  **Defendants can neither admit nor deny. After a search of their records, Defendants are unable to locate the correspondence Plaintiff refers to.**

4.     Admit that decisions to approve Vanity License Plate applications rely on both objective and subjective criteria.

RESPONSE:  **OBJECTION. "Objective and subjective criteria" is vague.**

        **Notwithstanding the foregoing objection, Defendants admit that some degree of interpretation is necessary to apply the Guidelines to the message in a vanity plate application, as Defendants must interpret the meaning of the message, and doing so is not a rote or mathematical process.**



PLAINTIFF'S
EXHIBIT

**54**

5.      Admit that decisions to deny Vanity License Plate applications rely on both objective and subjective criteria.

RESPONSE:  **OBJECTION. "Objective and subjective criteria" is vague.**

**Notwithstanding the foregoing objection, Defendants admit that some degree of interpretation is necessary to apply the Guidelines to the message in a vanity plate application, as Defendants must interpret the meaning of the message, and doing so is not a rote or mathematical process.**

6.      Admit that decisions to recall Vanity License Plate applications rely on both objective and subjective criteria.

RESPONSE:  **OBJECTION. "Objective and subjective criteria" is vague.**

**Notwithstanding the foregoing objection, Defendants admit that some degree of interpretation is necessary to apply the Guidelines to the message in a vanity plate application, as Defendants must interpret the meaning of the message, and doing so is not a rote or mathematical process.**

7.      Admit that the BMV will recall plates it has approved based on complaints from the public.

RESPONSE:  **Admit in part, deny in part. Defendants admit that they have recalled plates in the past if complaints from the public provide new information about the meaning of a custom plate's message. However, Defendants deny that a complaint from the public is sufficient, on its own, to trigger a plate being recalled.**

8.      Admit that Defendant Norman is directly involved in decisions to approve or deny Vanity License Plates.

RESPONSE:  **Admit in part, deny in part. Defendants admit that Defendant Norman has the ability to weigh in on license plate applications, however Defendants deny that he participates in every plate application.**

9.      Admit that Defendant Norman participates in discussions or decisions about whether to approve or deny Vanity License Plates.

RESPONSE:  **Admit.**

10.     Admit that Defendant Norman was directly involved in the decision to approve or deny Mr. Wonser 2022's request for a license plate reading "F46 LGB."

RESPONSE:  **Deny for want of knowledge. Defendant Norman has no personal recollection of participating in the decision.**

11.     Admit that Defendant Norman was directly involved in the decision to approve or deny Mr. Wonser's 2024 request for a license plate reading "F46 LGB."

RESPONSE:  **Deny. Defendants have no record of any such request.**

12.     Admit that the Director of the Ohio Department of Public Safety is responsible for supervising the operations of the Bureau of Motor Vehicles and its Registrar.

RESPONSE:  **Admit in part, deny in part. The Director of the Ohio Department of Public Safety is responsible for supervising the operations of the BMV, but only in his official capacity. Denied to the extent this request pertains to the Director's individual capacity.**

13.     Admit that the Director of the Ohio Department of Public Safety is responsible for ensuring that his subordinates do not violate the First Amendment.

RESPONSE:  **Admit in part, deny in part. The Director of the Ohio Department of Public Safety is responsible for ensuring that his subordinates do not violate the First Amendment, but only in his official capacity. Denied to the extent this request pertains to the Director's individual capacity.**

14.     Admit that Messages on Vanity License Plates are private speech.

RESPONSE:  **Deny. Messages on vanity license plates are government speech.**

15.     Admit that Allie Monst is a person of at least ordinary intelligence.

RESPONSE:  **Admit.**

16.     Admit that Andy Wilson is a person of at least ordinary intelligence.

RESPONSE:  **Admit.**

17.     Admit that Angela Russell is a person of at least ordinary intelligence.

RESPONSE:  **Admit.**

18.     Admit that Anne Dean is a person of at least ordinary intelligence.

RESPONSE:  **Admit.**

19.     Admit that Brady Wolf is a person of at least ordinary intelligence.

RESPONSE:  **Admit.**

20.     Admit that Brenda Berger is a person of at least ordinary intelligence.

RESPONSE:  **Admit.**

21.     Admit that Carrie Taylor is a person of at least ordinary intelligence.

RESPONSE:  **Admit.**

22.     Admit that Charles Norman is a person of at least ordinary intelligence.

RESPONSE:  **Admit.**

23.     Admit that Devon Riggins is a person of at least ordinary intelligence.

3

RESPONSE:  **Admit.**

24.     Admit that J. Curt Mayhew is a person of at least ordinary intelligence.

RESPONSE:  **Admit.**

25.     Admit that Jacob Harmon is a person of at least ordinary intelligence.

RESPONSE:  **Admit.**

26.     Admit that Janet Lohr is a person of at least ordinary intelligence.

RESPONSE:  **Admit.**

27.     Admit that Jeffrey Payne is a person of at least ordinary intelligence.

RESPONSE:  **Admit.**

28.     Admit that Julie Simkins is a person of at least ordinary intelligence.

RESPONSE:  **Admit.**

29.     Admit that Thomas Stickrath is a person of at least ordinary intelligence.

RESPONSE:  **Admit.**

30.     Admit that the Messages the BMV prints on Vanity License Plates come from the registrants, rather than from the BMV itself.

RESPONSE:  **Admit.**

31.     Admit that the BMV does not edit Messages submitted for registration.

RESPONSE:  **Admit in part, deny in part. The BMV does not unilaterally modify custom plate requests, but the BMV has discretion to propose substitute messages as part of the custom plate appeal process.**

32.     Admit that except as required by the Screening Guidelines, BMV employees may not reject a mark based on the viewpoint that it appears to express.

RESPONSE:  **OBJECTION: "Mark" is vague. Notwithstanding the foregoing objection, Defendants admit that their custom plate message screening process does not reject messages which comply with the Screening Guidelines solely based on the viewpoint expressed.**

33.     Admit that unless they think one of the Screening Guidelines applies to a Message, BMV employees do not inquire into whether any viewpoint conveyed by a Message is consistent with Government policy.

RESPONSE:  **Defendants admit, however the purpose of the Screening Guidelines in the first place is to ensure that approved messages are consistent with the State**

4

**of Ohio's policy of ensuring that custom plates have messages that are suitable for public display on a government ID.**

34.     Admit that unless they think one of the Screening Guidelines applies to a Message, BMV employees do not inquire into whether a Message is consistent with Messages the BMV has previously registered

RESPONSE:   **Defendants admit, however the purpose of the Screening Guidelines in the first place is to ensure that approved messages are consistent with the State of Ohio's policy of ensuring that custom plates have messages that are suitable for public display on a government ID.**

35.     Admit that if a Message meets all the BMV's requirements, the BMV does not have discretion to reject it.

RESPONSE:   **Defendants admit, however, there is discretion in interpreting the Screening Guidelines and applying them to a plate application, as determining the meaning of a custom plate message is not a rote or mathematical process.**

36.     Admit that if a BMV employee decides a Message is eligible for registration, that decision is not reviewed by any higher official unless the registration is challenged.

RESPONSE:   **Deny. Other BMV officials are able to weigh in on plate decisions before they are finalized.**

37.     Admit that once a Message is registered, the BMV is not authorized to deregister it unless the regisration expires or the Registrar issues a certifiation for recovery under Ohio Rev. Code § 4503.10(E) .

RESPONSE:   **Presuming "deregister" refers to the BMV's authority to recall issued plates, Deny. The BMV is authorized to recall plates in other circumstances.**

38.     Admit that the BMV's registration of a Message does not constitute its endorsement of that Message.

RESPONSE:   **Admit.**

39.     Admit that the Vanity License Program is not intended to promote any particular message from the government.

RESPONSE:   **Admit, to the extent the BMV's custom license plate program is not itself speech. However, the custom plates issued as part of the Program are government speech.**

40.     Admit that Ohio has not traditionally used the alphanumeric combinations on license plates to convey government messages.

RESPONSE:   **Deny. Custom license plates are government speech. At a minimum, the alphanumeric combinations on license plates are used to convey messages to**

5

**police and traffic officials concerning vehicle ownership and registration, for law enforcement and other purposes.**

**With respect to plates displaying custom alphanumeric messages, Defendants further note that it is the understanding of the public that such messages go through a review and approval process by the state, and that many believe the state implicitly represents that such messages are deemed fit to display on a government ID.**

41.     Admit that the BMV initially rejected a license plate with the Message "FALICE" for violating Guideline 1.

RESPONSE:   **Deny. Defendants have no record of any such rejection.**

42.     Admit that the BMV approved the Message "FALICE" because the applicant proved that her middle name was Falice.

RESPONSE:   **Deny.**

43.     Admit that the BMV recalled a license plate with the Message "84HO" for violating Guideline 1.

RESPONSE:   **Deny. Defendants have no record of any such recall.**

44.     Admit that the BMV canceled the recall of "84HO" because the applicant demonstrated that the Message referred to the 1984 Hurst/Oldsmobile he was registering.

RESPONSE:   **Deny.**

45.     Admit that the BMV recalled a license plate with the Message "NEUTR EM" for violating Guideline 1.

RESPONSE:   **Deny. Defendants have no record of any such recall.**

46.     Admit that the BMV canceled the recall of "NEUTR EM" because the applicant demonstrated that she was promoting animal population control.

RESPONSE:   **Deny.**

47.     Admit that the BMV recalled a license plate with the Message "SSA" for violating Guideline 1.

RESPONSE:   **Deny. Defendants have no record of any such recall.**

48.     Admit that the BMV canceled the recall of "SSA" after learning that the registrant had owned a business called "Sarah Schmidt Auto."

RESPONSE:   **Deny.**

49.     Admit that the BMV rejected a license plate with the Message "PC3 EFD" for violating Guideline 1.

6

RESPONSE:  **Deny. Defendants have no record of any such rejection.**

50.     Admit that the BMV approved the Message "PC3 EFD" after the applicant explained that PC3 was his badge number for the Euclid Fire Department.

RESPONSE:  **Deny.**

51.     Admit that the BMV rejected a license plate with the Message "MERSH" for violating Guideline 1.

RESPONSE:  **Deny. Defendants have no record of any such rejection.**

52.     Admit that the BMV rejected a license plate with the Message "MERSH" for violating Guideline 3.

RESPONSE:  **Deny. Defendants have no record of any such rejection.**

53.     Admit that the BMV approved the Message "MERSH" after the applicant explained that it was the nickname of his wife, whose maiden name was Mershimer.

RESPONSE:  **Deny. Defendants have no record of any such approval.**

54.     Admit that the Message "F46 LGB" is not "obscene" as that term is defined at Ohio Rev. Code § 2907.01(F) .

RESPONSE:  **OBJECTION. This request is irrelevant. R.C. 2907.01(F) does not apply to the Message, as it is neither a "material" or "performance." Further, the Guidelines are not written to enforce R.C. 2907.01(F).**

**Notwithstanding the foregoing objection, to the extent the Message constitutes a "material or performance," the Request is Denied. The Message, if it is a "material or performance," constitutes obscenity pursuant to R.C. 2907.01(F)(1) and (5) because it contains at least two statements plausibly describing sexual activity.**

55.     Admit that the dominant appeal of the Message "F46 LGB" is not to prurient interest.

RESPONSE:  **Deny. The Message contains at least two statements plausibly describing sexual activity.**

56.     Admit that the dominant tendency of the Message "F46 LGB" is not to arouse lust by displaying or depicting sexual activity, masturbation, sexual excitement, or nudity in a way that tends to represent human beings as mere objects of sexual appetite.

RESPONSE:  **Denied for want of knowledge. Defendants need not speculate as to the meaning of the Message intended by Plaintiff.**

57.     Admit that the dominant tendency of the Message "F46 LGB" is not to arouse lust by displaying or depicting bestiality or extreme or bizarre violence, cruelty, or brutality.

7

RESPONSE:  **Denied for want of knowledge. Defendants need not speculate as to the meaning of the Message intended by Plaintiff.**

58.     Admit that the dominant tendency of the Message "F46 LGB" is not to appeal to scatological interest by displaying or depicting human bodily functions of elimination in a way that inspires disgust or revulsion in persons with ordinary sensibilities, without serving any genuine scientific, educational, sociological, moral, or artistic purpose.

RESPONSE:  **Denied for want of knowledge. Defendants need not speculate as to the meaning of the Message intended by Plaintiff.**

59.     Admit that the Message "F46 LGB" does not contain a series of displays or descriptions of sexual activity, masturbation, sexual excitement, nudity, bestiality, extreme or bizarre violence, cruelty, or brutality, or human bodily functions of elimination, the cumulative effect of which is a dominant tendency to appeal to prurient or scatological interest, when the appeal to such an interest is primarily for its own sake or for commercial exploitation, rather than primarily for a genuine scientific, educational, sociological, moral, or artistic purpose.

RESPONSE:  **Deny. The Message contains at least two statements plausibly describing sexual activity.**

60.     Admit that the Message "F46 LGB" means "Fag Lesbian Gay Bisexual."

RESPONSE:  **Admit in part, deny in part. Defendants admit that "Fag Lesbian Gay Bisexual" is one plausible interpretation of the Message, though others exist. Defendants deny that it is the only meaning of the Message.**

61.     Admit that the Message "F46 LGB" means "Fuck Joe Biden Let's Go Brandon."

RESPONSE:  **Admit in part, deny in part. Defendants admit that "Fuck Joe Biden Let's Go Brandon" is one plausible interpretation of the Message, though others exist. Defendants deny that it is the only meaning of the Message.**

62.     Admit that the Message "F46 LGB" is primarily a sociological message.

RESPONSE:  **Deny. Defendants cannot determine which meanings of the Message are "primary" or "secondary," and no such assessment was made in determining whether the Message complied with the Guidelines.**

63.     Admit that the Message "F46 LGB" is primarily a political message.

RESPONSE:  **Deny. Defendants cannot determine which meanings of the Message are "primary" or "secondary," and no such assessment was made in determining whether the Message complied with the Guidelines.**

64.     Admit that the Message "F46 LGB" is not primarily a sexual message.

RESPONSE:  **Deny. Defendants cannot determine which meanings of the Message are "primary" or "secondary," and no such assessment was made in determining whether the Message complied with the Guidelines.**

8

65. Admit that any sexual connotations in the Message "F46 LGB" are secondary to its sociological message.

RESPONSE: **Deny. Defendants cannot determine which meanings of the Message are "primary" or "secondary," and no such assessment was made in determining whether the Message complied with the Guidelines.**

66. Admit that any sexual connotations in the Message "F46 LGB" are incidental to its sociological message.

RESPONSE: **Deny. Defendants cannot determine which meanings of the Message are "primary" or "secondary," or "incidental," and no such assessment was made in determining whether the Message complied with the Guidelines.**

67. Admit that any sexual connotations in the Message "F46 LGB" are secondary to its political message.

RESPONSE: **Deny. Defendants cannot determine which meanings of the Message are "primary" or "secondary," and no such assessment was made in determining whether the Message complied with the Guidelines.**

68. Admit that any sexual connotations in the Message "F46 LGB" are incidental to its political message.

RESPONSE: **Deny. Defendants cannot determine which meanings of the Message are "primary" or "secondary," or "incidental," and no such assessment was made in determining whether the Message complied with the Guidelines.**

69. Admit that the Bureau of Motor Vehicles routinely identifies itself as "BMV" in written communications.

RESPONSE: **Admit.**

70. Admit that the BMV routinely uses UrbanDictionary.com to determine whether combinations of letters violate the Screening Guidelines.

RESPONSE: **Admit.**

71. Admit that UrbanDictionary.com defines "BMV" as "Sex in Butt, Mouth & Vagina during one session."

RESPONSE: **Defendants admit that, to their knowledge, one user of the site appears to have posted this; notwithstanding the foregoing, UrbanDictionary.com speaks for itself.**

9

/s/ Donald C. Brey
Donald C. Brey (0021965), *Trial Counsel*
Ryan C. Spitzer (0093515)
Gareth A. Whaley (0102156)
**ISAAC WILES & BURKHOLDER, LLC**
Two Miranova Place, Suite 700
Columbus, Ohio 43215-5098
dbrey@isaacwiles.com
rspitzer@isaacwiles.com
gwhaley@isaacwiles.com
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

On October 14, 2024, a true copy of the foregoing was served upon the following parties

via electronic mail:

Brian D. Bardwell
brian.bardwell@speech.law
*Counsel for Plaintiff*

/s/ Donald C. Brey
Donald C. Brey (0021965)

4858-0791-2681.2

10