**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| JEFFREY WONSER, | : | |
| | : | |
| Plaintiff, | : | Case No. 2:24-CV-02160 |
| | : | |
| v. | : | Judge Sarah D. Morrison |
| | : | |
| CHARLES L. NORMAN, et al., | : | Magistrate Judge |
| | : | Elizabeth A. Preston Deavers |
| Defendants. | : | |

**DEFENDANTS' INITIAL DISCLOSURES**

**NOW COME** DEFENDANTS CHARLES L. NORMAN, ANDY WILSON, AND THOMAS STICKRATH, and pursuant to Fed. R. Civ. P. 26, submit the following disclosures:

**(i)    R. 26(a)(1)(A)(i): The name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.**

1. Charles Norman, Defendant
2. Andy Wilson, Defendant
3. Thomas Stickrath, Defendant

Charles Norman is the Registrar of the Ohio Bureau of Motor Vehicles. Andy Wilson is the Director of the Ohio Department of Public Safety. Thomas Stickrath is the former director of the Ohio Department of Public Safety. Each Defendant may possess knowledge regarding the allegations in Plaintiff's Complaint, the operations of the Bureau of Motor Vehicles and Department of Public Safety, and other facts relevant to any claims or defenses.

4. Jeffrey Payne

Jeffrey Payne is the Chief of the Department of Public Safety, Bureau of Motor Vehicles Record Services. Mr. Payne may possess discoverable information concerning BMV's records and recordkeeping procedures.

5. Brenda Berger
6. Robert Snowball
7. Ruthann Collins
8. Kevin Hunter
9. Allie Monst



PLAINTIFF'S EXHIBIT

**55**

10. Carrie Taylor

The above six employees of Defendants were members of the Special Plate Committee who ruled on Plaintiff's appeal of his denied special plate application. With the exception of Ruthann Collins, who is no longer a member of the Committee, each of the above witnesses is presently a member of the Special Plate Committee. They may possess information concerning Plaintiff's appeal and the special plate appeal review process more generally.

11. Kathleen Corrigan
12. Devon Riggins
13. Sarah Green
14. Julie Simkins
15. Anne Dean
16. J. Curt Mayhew
17. Sydney King
18. Jacob Harmon
19. Brady Wolf
20. Angela Russell
21. Michelle James

The above employees currently have a role in the BMV's review process, and may possess discoverable information concerning the process more generally, however, relative to the information possessed by Witnesses 5 through 10 concerning the review process, such information is likely duplicative.

The above-listed Defendants and witnesses in Defendants' employment may be contacted by coordinating with Ryan C. Spitzer, Esq., 2 Miranova Place, Suite 700, Columbus, Ohio 43215, (614) 221-2138.

22. Jeffrey Wonser, Plaintiff
23. Ashley Wonser

Ms. Wonser is a signatory to Plaintiff's appeal and may possess information concerning her role in the appeal process.

24. Janet Lohr

Janet Lohr was a Customer Service Assistant at the BMV who exchanged correspondence with Plaintiff concerning his request for a custom license plate. Ms. Lohr was also on the Special Plate Committee when Plaintiff's application was reviewed. Ms. Lohr may possess information concerning Plaintiff's special plate application, his appeal, and the BMV special plate application process more generally. She is not presently employed by Defendants.

25. All persons identified by Plaintiff in his Initial Disclosures and/or in subsequent discovery responses.
26. Records custodians, as necessary for the authentication of documents/records.

Defendants reserve the right to disclose additional individuals, the identity and/or relevancy of whom may be shown to be applicable through discovery, further investigation, or otherwise.

**(ii)**      **R. 26(a)(1)(A)(ii): A copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.**

1.      Correspondence between Plaintiff and the BMV concerning his application and subsequent appeal (*see* Exs. A, B, and C to Defendants' Answer);

2.      Pleadings filed by any party in the docket of the above-captioned case;

3.      Correspondence, applications, appeal documents, and other electronic records in ODPS and the BMV's possession related to the outcome of the special license plate applications and appeals listed in Plaintiff's Complaint.

4.      Policies, customs, training manuals, processes, or procedures utilized by Defendants;

5.      All records, documents, materials, agreements, and/or contracts between the Parties;

6.      All communications between the Parties; and

7.      All documents identified by any other party.

Defendants reserve the right to disclose additional documents, electronically stored information, and tangible things, the existence and/or relevancy of which may be shown to be applicable through discovery, further investigation, or otherwise.

**(iii)**      **R. 26(a)(1)(A)(iii): A computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.**

Not applicable.

**(iv)**      **R. 26(a)(1)(A)(iv): For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

Not applicable.

3

Defendants expressly reserve the right to identify additional individuals who may have discoverable information, identify additional documents that may support its claims or defenses and/or amend these Initial Disclosures as further information is obtained through discovery and litigation.

These Initial Disclosures are based on presently available information and reflect only the Defendants current state of knowledge, information, and belief relating to the matters alleged in the Pleadings.

Respectfully submitted,

/s/ Donald C. Brey
Donald C. Brey (0021965), *Trial Counsel*
Ryan C. Spitzer (0093515)
Gareth A. Whaley (0102156)
**ISAAC WILES & BURKHOLDER, LLC**
Two Miranova Place, Suite 700
Columbus, Ohio 43215-5098
dbrey@isaacwiles.com
rspitzer@isaacwiles.com
gwhaley@isaacwiles.com
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I certify that on this 22nd of August, 2024, I served a copy of the foregoing ***Defendants Charles L. Norman, Andy Wilson, and Thomas Stickrath Initial Disclosures*** on the following via electronic mail only:

Brian D. Bardwell
Speech Law LLC
1265 West Sixth Street, Suite 400
Cleveland, Ohio 44113
Brian.bardwell@speech.law
*Attorney for Plaintiff*

4

/s/ Gareth A. Whaley
Gareth A. Whaley (0102156)

4857-1790-9466.2