**IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **WILLIAM SAKI, et al.,** | ) | |
| | ) | **CASE NO: 1:26-cv-1148** |
| **Plaintiffs,** | ) | |
| | ) | **Judge Dan Aaron Polster** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **CHARLES L. NORMAN, et al.,** | ) | **ORDER** |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

On May 17, 2026, William Saki, Jeffrey Wonser, and Patrick Corrigan (collectively, "Plaintiffs") filed a complaint alleging various constitutional and statutory violations stemming from the Ohio Bureau of Motor Vehicles' ("BMV") rejection of their vanity plate applications. ECF 1 ("*Saki II*"). Plaintiffs filed suit against Charles Norman and Andy Wilson (collectively, "Defendants"), in their capacities as Registrar of the Ohio BMV and Director of the Ohio Department of Public Safety,[1] respectively. That same day, Plaintiffs also filed a motion for a temporary restraining order and motion for preliminary injunction. ECF 2.

As relevant here, the complaint also alleged, *inter alia*, that Defendants were in violation of the consent order issued by agreement of the parties in substantially identical complaint filed by Saki and Cyrus Mahdavi this past fall. *Saki v. Norman*, Case No. 1:25-cv-1893, ECF 8 (N.D. Ohio) ("*Saki I*"). In *Saki I*, Defendants agreed to the following terms:

1.  The Ohio BMV would approve the vanity plates requested by Saki and Mahdavi, which "includ[ed] words such as "GAY" or "MUSLIM";

---

[1] The Ohio BMV is a division of the Ohio Department of Public Safety.

2. The Ohio BMV would "review its database and ensure that it adheres to the Special License Plate Screen Guidelines set forth in the settlement reached in *Zucco v. Caltrider*, case No. 2:01-cv-1270 (S.D. Ohio) [("*Zucco* Guidelines")]";[2] and

3. The Ohio BMV would "provide instructions on its website for applicants who believe their application has been improperly rejected in violation of the *Zucco* standard."

*Id.* The Court directed Defendants to respond to *Saki II* by either conceding that they are not in compliance with the *Saki I* consent order or explaining why they believed they were in compliance. Defendants timely filed a response on May 26, 2026, opposing the issues raised in *Saki II* and explaining why they did not believe they have run afoul of the *Saki I* consent order. ECF 6.

In response, the Court held a zoom hearing on the matter on May 28, 2026. Plaintiffs were present and represented Attorney Brian Bardwell. Alex Armitage, Ashleigh Henry, and Peter Jamison attended on behalf of Defendants, and were represented by Attorneys Ryan Spitzer and Andrew Fraser. As noted above, despite being filed as a new complaint, *Saki II* is essentially a motion to enforce the consent order issued in *Saki I*. Accordingly, the Court proceeded with that framework in mind.

Having reviewed the parties' filings and based on the discussions during the zoom hearing, the Court hereby ORDERS as follows:

1. Defendants are directed to apply the *Zucco* Guidelines exactly as they are—nothing more and nothing less. If Defendants are rejecting vanity plate applications because the message "can be interpreted as" obscene, sexually explicit, or scatological or "due to a potential perception of inappropriateness," as alleged in the *Saki II*

---

[2] A copy of the guidelines established in *Zucco* can be found on the instant docket at ECF 2-56, "Special License Plate Screening Guidelines: Substantive Criteria."

complaint, those standards are beyond the *Zucco* Guidelines and the Ohio BMV must <u>immediately</u> cease using those standards.

    i.    For example, "MF TUNDRA" was used in the *Saki II* complaint as a message denied because it allegedly violated the first *Zucco* prong. *See* ECF 1, ¶¶ 215-24; ECF 2-56. This was because "MF is a very common abbreviation for 'Mother F*cking'" and the plate "was perceived as reading, 'Mother F*cking Tundra.'" ECF 2-56, at 3. But the first *Zucco* prong is <u>not</u> whether something "could be perceived" as being profane or obscene—it is that the words <u>are</u> profane or obscene. As explained on the record, "MF" is not, in and of itself, profane or obscene. If the word had been "MFKER," for example, that would be obscene because the intended message is clearly a profane or obscene word. But because "MF" could mean lots of different things, of which "Mother F*cking" is only one, it is not prohibited under the first *Zucco* prong.

    ii.    This order also applies retroactively. Defendants are directed to re-review the approximately 3,400 vanity plates that remained prohibited following the post-*Saki I* review, *see* ECF 6, at 6, to determine if any were kept under the erroneous standard of "could be interpreted" or "could be perceived" as violating the first *Zucco* prong. Any plates found to be erroneously kept must immediately be removed from the prohibited list.

2. Defendants are directed to review the Ohio BMV website and vanity plate online application and ensure that the process for appealing a rejection is plainly clear to

all users. Defendants shall have <u>21 days from the date of this Order</u> (i.e., by June 19, 2026) to make any changes necessary.

    i.    For any vanity plates that are denied following the Ohio BMV's review, whether they are new plates or one of approximately 3,400 vanity plates that remain denied after the Ohio BMV's post-*Saki I* review, the Defendants must make clear to the applicant the specific reason for the denial, including which prong of the *Zucco* Guidelines they believe the message violates. Defendants must also communicate how the applicant may appeal that determination.

3. Plaintiffs' motions for a temporary restraining order and preliminary injunction are DENIED for the reasons stated on the record.

4. There will be no award of attorneys' fees and costs, for the reasons stated on the record.

5. To the extent anything remains unaddressed from *Saki II*, those matters are dismissed without prejudice.

Having resolved the above issues, the Court hereby CLOSES this matter. Each party is to bear their own costs. Notice by the Clerk of Courts is hereby waived.

Time: 27 minutes.

Court Reporter: George Staiduhar.

**IT IS SO ORDERED.**

Dated: May 29, 2026

                                       *s/ Dan Aaron Polster*
                                       United States District Judge

4